**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| DARREYL NICKERSON, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-05-2398 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner, Darreyl Nickerson, submitted a petition for habeas corpus relief using a pre-printed form petition designed to challenge a state court conviction under 28 U.S.C. § 2254.

### I. BACKGROUND AND PETITION

Petitioner reports that the date of the conviction under attack is February 17, 1992, and that he received a 25-year sentence. Petitioner states that the docket number of the challenged conviction is "No. H-01-620[,] No. 02-2199 [,] USDC No. H-01-cv-620 (Docket Entries No. 9, No. 10, No. 12, No. 18) (No. 17, No. 19)." This Court notes that no. H-01-620 corresponds to the cause number of a civil case filed by Petitioner in this Court. The Court dismissed that case for want of prosecution on May 14, 2001.

Except for an appeal cause number (H-01-620), the remainder of the petition is entirely blank and unsigned. The only other information provided in the petition is Petitioner's encirclement of two claims in a list of possible habeas corpus claims: a double jeopardy violation and a denial of the right to appeal. Petitioner attaches papers to the petition which are indecipherable and do not appear to be related to his habeas corpus petition. Petitioner titles the papers: Surviving Parties, Death After Verdict or Close of Evidence, Damages and Compensation Death Benefit, Nunc Pro Tunc Proceedings in Criminal Cases, A Plead of Beard [sic] to Stand, Rule 21.7 Type of Evidence Allowed at Hearing, 22.2 Grounds, The Supreme Court of the United States, *Brown v. Beto*, Court of Appeals - Certiorari - Certified Questions, and Appellate In Forma Pauperis Deficiency Order.

## II. COLLATERAL ATTACK ON A FEDERAL CIVIL CASE

As stated above, no. H-01-620 corresponds to a civil case filed by Petitioner in this Court, which the Court dismissed four years ago. Petitioner may not attack a judgment in another lawsuit in this Court or raise issues concerning another lawsuit, especially not in a habeas corpus petition under 28 U.S.C. § 2254. *See Mitchell v. McBryde*, 944 F.2d 229, 231 (5th Cir. 1991)*; Mason v. Judges of the United States Court of Appeals*, 952 F.2d 423, 426 (D.C. Cir. 1991); *Mullis v. United States*

*Bankruptcy Court*, 828 F.2d 1385, 1392-93 (9th Cir. 1987) ("To allow a district court to grant injunctive relief against ... the district court ... would be to permit, in effect, a 'horizontal appeal' from one district court to another or even a 'reverse appeal' of a ruling of the court of appeals by a district court. Such collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper.").

In so far as Petitioner is raising claims concerning civil action no. H-01-620, he fails to state a claim on which relief may be granted.

### III. STATUTE OF LIMITATIONS

To the extent Petitioner is challenging a 1992 state court conviction, the statute of limitations bars his challenge. *See* 28 U.S.C. § 2244(d).

Petitioner says he appealed and that the last decision concerning the appeal was rendered on December 20, 2002. This information is suspect because Petitioner lists the cause number of the appeal as H-01-620—the case number of the prior civil case Petitioner filed in this Court. In any event, this Court can only use the information provided by Petitioner. He does not indicate that he petitioned for discretionary review or applied for habeas corpus relief in a state post-conviction writ application. Petitioner filed this federal application on July 8, 2005.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the habeas corpus statutes. The AEDPA states in part:

3

>   (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>   >   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   >   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   >   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   >   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 1996).

Using Petitioner's information, his conviction became final on January 19, 2003. That date is the last day to petition for discretionary review. *See* TEX. R. APP. PROC. 68.2(a). There is no showing that subsections (B), (C), or (D) of § 2244(d)(1) apply to Petitioner's claims. The statute of limitations expired on January 19, 2004.

Petitioner filed this federal writ application on June 10, 2005, more than a year after the statute of limitations expired. Petitioner's federal application purporting to challenge a state court conviction is time barred.

4

## IV. CONCLUSION

28 U.S.C. § 2243 authorizes the federal courts to *sua sponte* dismiss habeas petitions where it plainly appears that the petitioner is not entitled to relief. Accordingly, it is ORDERED that this action be DISMISSED for failure to state a claim on which relief may be granted and in the alternative as time barred under 28 U.S.C. § 2244(d). Petitioner's Motion to Proceed *In Forma Pauperis* [Docket Entry No. 2] is DENIED because in his motion he says he has $10,000 in a local bank.

This Court finds that Petitioner has not made a substantial showing that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.). This Court finds that a certificate of appealability should not issue in this case.

SIGNED at Houston, Texas, on this 29th day of July, 2005.

*David Hittner*
_____

DAVID HITTNER

United States District Judge

Case 4:05-cv-02398   Document 4   Filed in TXSD on 07/29/05   Page 6 of 6